UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN MOSES and
CHERYL MOSES,

        Plaintiffs,

    v.                                        24-CV-690 (JLS) (LGF)

TOWN OF CHEEKTOWAGA,
TOWN OF CHEEKTOWAGA POLICE
DEPARTMENT,
JAY BARTUSZEK, individually and in
his capacity as Town of Cheektowaga
Police Officer, and
JEFFREY SCAGLIONE, individually
and in his capacity as Town of
Cheektowaga Police,

        Defendants.
_____

## DECISION AND ORDER

Plaintiffs Kevin and Cheryl Moses commenced this action against Defendants in New York Supreme Court, Erie County, on June 24, 2024, asserting claims that their Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated. Dkt. 1-2. Defendants removed the case to this Court on July 23, 2024, see Dkt. 1, and soon filed a motion for summary judgment. Dkt. 3. Plaintiffs filed a cross-motion seeking leave to file an amended complaint. Dkt. 10.

Presently before the Court is Judge Foschio's Report and Recommendation[1] ("R&R") recommending that Defendants' motion[2] be granted and Plaintiffs' motion be denied. *See* Dkt. 17. Having recommended that all claims pursuant to 42 U.S.C. § 1983 be dismissed, the R&R also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. *Id.* at 29. The R&R alternatively recommended that Plaintiffs' common law negligence claim be dismissed for failure to state a claim. *Id.*

Plaintiffs objected to the R&R's alternative conclusion that the state law negligence claims should be dismissed for failure to state a claim. Dkt. 20. Plaintiffs requested that the Court not exercise supplemental jurisdiction over those claims. *Id.* Defendants responded by asking the Court to exercise supplemental jurisdiction and dismiss the negligence claim on the merits. Dkt. 22.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[1] This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 4.

[2] Judge Foschio treated Defendants' motion as a motion to dismiss, as it sought to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 17 at 2 n.2.

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on that review, the Court accepts and adopts Judge Foschio's R&R—including the recommendation not to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## CONCLUSION

For the reasons stated above, and in the R&R, the Court GRANTS Defendants' motion (Dkt. 3) and DENIES Plaintiffs' cross-motion (Dkt. 10). The complaint is DISMISSED without leave to amend, and Plaintiffs' negligence claim is DISMISSED without prejudice for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   July 16, 2025
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE